(7 App. Div. 251)

### CUTHBERT et al. v. HUTCHINS.

(Supreme Court, Appellate Division, First Department.　June 29, 1896.)

REFERENCE—SUFFICIENCY OF MOVING PAPERS.

    A compulsory reference should not be granted merely on an affidavit by plaintiffs which states that the indebtedness sued for arose out of the purchase and sale by them as brokers on account of defendant, at his request, of stocks, etc., that issue had been joined by service of an answer containing a denial and a counterclaim, and that the trial of the issue would require the examination of a long account consisting of about 94 items on the side of plaintiffs, and extending over a period of seven months; but in such case the court should inspect the pleadings to enable it to determine precisely what issues were involved.

Appeal from special term, New York county.

Action by Edward B. Cuthbert and others against Stilson Hutchins. From an order directing a compulsory reference to hear and determine, defendant appeals. Reversed.

The pleadings were not before the court when the order was made. The only paper upon which the order was based was an affidavit by one of the plaintiffs wherein it was stated that the action was brought to recover $8,375.56 and interest; that such indebtedness arose by and between the plaintiffs and defendant by reason of defendant employing plaintiffs as brokers, and because of the purchase and sale by plaintiffs on account of defendant, and at his request, of stocks, grains, and cotton; that issue had been joined by service of defendant's answer, setting up a denial of plaintiff's cause, and alleging and setting forth a counterclaim of $6,413.56; and that the trial of the issue would require the examination of a long account on the side of the plaintiffs, or both parties, consisting on the side of the plaintiffs of about 94 items of charges, of various dates, and extending over a period from January 8 to August 8, 1895. There were no opposing papers, but defendant objected to the order. In addition to the usual provisions in an order of reference, the order also provided that the hearing might be brought on upon two days' written notice; that the referee proceed from day to day, unless, for good cause shown, he should, in his discretion, grant an adjournment, and that if an accounting was necessary the referee should proceed to take and state the same, and might compel the production of the necessary books and papers as fully as the court might do, and award final judgment to be entered; and that defendant pay plaintiffs $10 costs of motion.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

E. G. Kremer, for appellant.

E. H. Ball, for respondents.

WILLIAMS, J. The order should not have been granted without an inspection of the pleadings. The court should have known precisely what the issues involved in the action, and necessary to be tried, were. The affidavit made by one of the plaintiffs, and upon which alone this order was made, did not clearly and definitely disclose the nature of the cause of action or defense. The court might infer something as to the issues from the affidavit, but it should not have been left to inference. When the right of the defendants to a trial by jury was or might have been involved, the court should have been satisfied clearly that the issues were such as that the right to compel a reference existed, before making the

order. We are not inclined to encourage this careless kind of practice. Moreover, the court, upon this affidavit, had no power to deprive the defendant of the usual notice of trial, and require him to go to trial upon a notice of two days; and the very terms of the order itself implied a doubt as to whether an accounting would be necessary, by providing that if such accounting became necessary the referee should take the same. Neither was there any basis in the papers for compelling the defendant to pay plaintiffs $10 costs of the motion. At most, these costs should have been made to abide event.

The order appealed from should be reversed, with costs to appellant of the appeal, and the motion denied, with $10 costs. All concur.

